**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | **:** | |
| | **:** | **CASE NO. 21-cr-222-1 (TFH)** |
| **v.** | **:** | |
| | **:** | |
| **JULIAN ELIE KHATER** | **:** | |
| | **:** | |
| **Defendant.** | **:** | |

**GOVERNMENT'S MOTION FOR RECONSIDERATION**

The United States of America, by and through its attorney, the United States Attorney for the District of Columbia, hereby moves this Court to reconsider its March 22, 2022 Minute Order, directing the government to "promptly make the video at issue publicly available without restrictions by providing access using the 'drop box' technical solution…."   The government does not object to the public release of the video in question. However, in light of the fact that the defendant has submitted it to the Court as a defense exhibit in support of his motion, the government should not be responsible for the public release of this judicial record.

As background, Petitioner (The Press Coalition) filed an Application for Access to Video Exhibit (ECF No. 62) pursuant to the procedure outlined by this Court in Standing Order 21-28 (BAH) ("Standing Order"). *In re Press Coalition's Motion for Access to Video Exhibits and to Set Aside Standing Order No. 21-28* (May 14, 2021). The video at issue is the video and audio recording of the defendant's March 14, 2022, post-arrest interview, submitted by the defendant in support of his motion to suppress statements (ECF No. 54, Exhibit B). The government does not contest that the video is a judicial record, not does it oppose the public release of the exhibit considering the defendant has not objected to its release.

1

The Standing Order outlined in the Court's Minute Order specifically pertains to only "the government's video exhibits," directing that the government implement "the proposed 'drop box' technical solution to make available for viewing **the government's video exhibits** submitted to the Court in Capitol Cases, including identifying and segregating by case name and number such video exhibits and posting such video exhibits promptly from the time of the proceedings for which the exhibit is submitted, in compliance with any order issued by the presiding judge in the case." Standing Order at 6 (emphasis added).   Because video exhibits, unlike other judicial records, are not in a format that can be filed on ECF, and because of the high public interest in Capitol Breach cases, the government agreed to facilitate publication of its own video exhibits used in hearings and/or relied upon by the court (i.e., judicial records).

However, the court maintains responsibility for making judicial records available for public inspection and copying. *In re Matter of Leopold*, 964 F.3d 1121, 1134 (D.C. Cir. 2020) ("Providing public access to judicial records is the duty and responsibility of the Judicial Branch." *Id.)*   The government should not be responsible for publishing exhibits that are not submitted to the Court by the government. Moreover, shifting such a responsibility upon the government raises a number of problematic issues, some of which are implicated by this specific matter. Assuming responsibility for the publication of content of any electronic exhibit filed by defense counsel may implicate professional responsibility concerns regarding, for example, the improper release of information in violation of the Privacy Act or having to vouch for the accuracy or completeness of exhibits presented to the Court. In addition, requiring the government to publish defense video exhibits may cause security risks for secure government systems by mandating that the government host content created or maintained on non-government systems. And lastly, such a delegation

would impose an enormous administrative burden upon the government.   The government has charged approximately 782 Capitol Breach defendants. If the court were to make similar orders to the government directing that it provide the "drop box" publication option to defense exhibits constituting judicial records, the government would be bound by these orders to track down and receive video exhibits by defense counsel to comply with court-mandated deadlines. The burden of obtaining and uploading potentially large numbers of exhibits generated by the defense across these cases should not fall on the government.

Wherefore, the government requests that the Court reconsider its March 22, 2022, Minute Order directing the government to publish the video exhibit in question, and respectfully requests that the Court make alternative arrangements to facilitate public access to the judicial record.

Respectfully submitted,

MATTHEW M. GRAVES
United States Attorney
DC Bar No. 481052


By:          /s/
Anthony Scarpelli
D.C. Bar No. 474711
Gilead Light
D.C. Bar No. 980839
Assistant United States Attorneys
Violent Crime and Narcotics Trafficking Section
555 4th Street, NW, 4th Floor
Washington, DC 20530
(202) 252-7707 (Scarpelli)
(202) 252-6880 (Light)
Anthony.Scarpelli@usdoj.gov
Gilead.light@usdoj.gov