UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>JULIAN ELIE KHATER<br><br>Defendant. | Case No. 1:21-CR-00222-001 (TFH) |

**GOVERNMENT'S REPLY TO DEFENDANT'S SENTENCING MEMORANDUM**

The United States of America, by and through its attorney, the United States Attorney for the District of Columbia, hereby responds to the defendant's sentencing memorandum (ECF No. 101) in connection with the above-captioned matter.

The defendant has asked this Court to impose a sentence of time served, or what would amount to an approximately 22-month sentence. ECF No. 101 at 3. Effectively, the defendant has asked this Court to completely ignore the sentencing Guidelines and depart downward, by a measure of 56 months from the bottom of the sentencing guidelines range of 78-97 months of incarceration. In support of this request, the defendant has pointed to numerous examples of sentences in other January 6 cases where defendants received lower sentences. Importantly, the vast majority of these cases included sentences that fell within the Guidelines sentencing range. Furthermore, contrary to the defendant's assertions, these examples are easily distinguishable on their facts and involve far less serious conduct. The cases cited to by the defendant involve different charges (18 U.S.C. § 111(a) as opposed to § 111(b)), include fewer victims, lack use of a dangerous weapon, lack the infliction of actual injuries, and/or involve officer victims who were assaulted but were not injured, incapacitated and/or removed from duty due to the assault. The

1

cases cited to by the defendant thus involved much lower Guidelines ranges, as the conduct in these cases did not rise to the level of this defendant's conduct.

For example, in *United States v. Cody Mattice and James Mault*, 21-cr-657 (BAH), the defendants each received sentences of 44 months for spraying one officer with a cannister of what was ultimately an unknown substance. Unlike this case, there was no proof of the presence of chemical spray, and both defendants pled guilty to an assault without a dangerous weapon under 18 U.S.C. 111(a)(1). There were no injuries to the officer, the officer at issue was wearing full riot gear, and the officer was not incapacitated as a result of the defendants' actions. As a result, both Mattice and Mault had a sentencing guidelines range of 37-46 months, and both received a Guidelines compliant sentence. Neither of these cases is remotely comparable to the defendant's conduct in the instant matter, whether on the basis of the charges, the number of victims, the lack of a dangerous weapon, or the lack of injuries. In fact, the sentence given to Mattice and Mault only supports the government's requested sentence of 90 months because the defendant's assaultive conduct was so much more egregious.

In *United States v. Ricky C. Willden,* Crim No. 21-cr-423 (RC), Willden received a 24-month sentence after deploying spray on a group of officers near the East Columbus doors to the Capitol. Unlike this case, Willden pled guilty to an assault without a dangerous weapon under 18 U.S.C. 111(a)(1). There were no injuries to the officers involved, and the officers at issue were not incapacitated as a result of the defendant's actions. Willden thus had a sentencing Guidelines range of 24-30 months, and received a Guidelines compliant sentence.

In *United States v. Scott Fairlamb*, Crim No. 21-cr-120 (RCL), Fairlamb received a 41-month sentence after shoving and punching an officer (in his face shield) as he exited the U.S.

Capitol. With no injuries to officers reflected in the Guidelines and no dangerous weapon involved, Fairlamb had a sentencing Guidelines range of 41-51 months, and received a Guidelines compliant sentence.

In *United States v. Devlyn Thompson*, 21-cr-461 (RCL), Thompson received a 46-month sentence after swinging a metal baton found on the floor at a group of officers in full riot gear who were guarding the Lower West Terrace tunnel. Here, Thompson was convicted on a charge of 18 U.S.C. § 111(b), but did not receive any Guidelines enhancement for causing injuries to law enforcement. The only injuries Thompson caused were to a fellow rioter after he threw an object at the police. Thompson had a sentencing Guidelines range of 46-57 months, and received a Guidelines compliant sentence.

Thus, an important pattern becomes clear when assessing the cases cited by the defendant. In those cases, the Guidelines ranges were lower than defendant Khater's Guidelines due to the absence of a dangerous weapon, a smaller number of victims, and/or the absence of injuries to law enforcement. Among other cases cited by the defendant, Languerand (46-57 months), Creek (24-30 months), Miller (41-51 months), Richardson (37-46 months), Neefe (41-51 months), and Ochs (41-51 months) all received sentences squarely within their agreed upon sentencing Guidelines ranges. Therefore, these cases are not useful comparisons, and the government's requested sentence would not create an unwanted sentencing disparity.

A more accurate and helpful comparison is *United States v. Albuquerque Head*, 21-cr-291 (ABJ). During ongoing rioting on the Upper West Terrace, Head wrapped his arm around Officer Michael Fanone and pulled him into the crowd, where the officer was kicked, punched, grabbed, and hit with objects by the crowd. *Head,* 21-cr-291, ECF No. 124. No dangerous weapon was used

3

but Officer Fanone sustained serious bodily injury. Head was given a five-point enhancement under the Guidelines for serious bodily injury pursuant to U.S.S.G. § 2A2.2(b)(3)(B). *Head,* 21-cr-291, ECF No.159 at 39. Based on these factors, plus an additional enhancement for restraint of the victim, and a Criminal History category VI, the resulting sentencing Guidelines range was 100 to 125 months, a number that was reduced to a cap of 96 months due to the relevant statutory maximum. *Id.* at 50. Head was sentenced to 90 months of incarceration.

Additionally, in *United States v. Kyle Young*, 21-cr-291-3 (ABJ), the defendant assaulted officers in the Lower West Terrace tunnel by throwing a speaker and jabbing a pole toward the police line. Young also held a strobe light toward the police officers trying to fend of the rioters in the tunnel and handed a taser to another rioter, who eventually repeatedly applied the taser to the back of Officer Fanone's neck. Young then assaulted Officer Fanone by restraining his wrist and holding it away from his body at a pivotal moment in the attack on the Officer, amid chants to kill the officer with his own gun. Finally, Young assaulted Officer M.M., another officer who had been pulled into the crowd. All of these actions were taken in the presence of Young's minor son, who was with him that day on the grounds of the Capitol. Young pled guilty to one count in violation of 18 U.S.C. § 111(a). This Court imposed an 86-month sentence on Young, who had a Guidelines range of 77 to 96 months of incarceration.

Finally, in *United States v. Webster*, 21-cr-208 (APM), the defendant was convicted at trial of multiple counts, including one count of violating 18 U.S.C. 111(b) for use of a flagpole in an assault against MPD Officer Rathbun. Judge Mehta imposed a 120-month sentence. That case involved a physical assault against a single officer who the defendant had picked out from the police line. The Webster case garnered a higher Guidelines range (210 to 262 months), primarily

4

because Webster's additional conduct required several base offense level adjustments not present in the instant case. Specifically, Webster received a four-point enhancement for use of body armor while committing a crime of violence and a two-point enhancement for deleting information from his cellphone. Webster also did not receive a three point reduction for acceptance of responsibility after taking his case to trial.

Comparatively speaking, the *Head, Young,* and *Webster* cases are most analogous in terms of the use of dangerous weapons and/or the presence of significant injuries sustained by law enforcement officers. More importantly, these cases reinforce the proposition that the Guidelines provide the best guarantee against unwarranted sentencing disparities, and that "[t]he best way to curtail 'unwarranted' disparities is to follow the Guidelines, which are designed to treat similar offenses and offenders similarly." *United States v. Bartlett*, 567 F.3d 901, 908 (7th Cir. 2009). *See id*. ("A sentence within a Guideline range 'necessarily' complies with § 3553(a)(6).").

For the reasons set forth above, the government recommends that the Court impose a sentence of 90 months of incarceration, which is within the Guidelines range, three years of supervised release, a restitution payment of $2,000, and $200 as a mandatory special assessment on each count of conviction.

                                  Respectfully submitted,

                                  MATTHEW M. GRAVES
                                  UNITED STATES ATTORNEY

BY: *Gilead Light*
        Gilead Light
        D.C. Bar No. 980839
        Anthony Scarpelli
        D.C. Bar No. 474711
        Assistant United States Attorneys
        601 D Street, NW
        Washington, D.C. 20530
        (202) 252-6880 (Light)
        (202) 252-7707 (Scarpelli)
        Gilead.light@usdoj.gov
        Anthony.Scarpelli@usdoj.gov

## **CERTIFICATE OF SERVICE**

On this 26th day of January, a copy of the foregoing was served upon all parties listed on the Electronic Case Filing (ECF) System.

By: _____/s/_____
Gilead Light
Assistant United States Attorney